## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CARLISA SPENCER** | : | |
| **and TYRONE TATE,** | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action File No.:** |
| | : | **_____** |
| **v.** | : | **Jury Trial Demanded** |
| | : | |
| **FLOOD BROTHERS, INC.** | : | |
| **and JOHN FLOOD, Individually,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Carlisa Spencer ("Spencer") and Tyrone Tate ("Tate"), by and through the undersigned counsel of record, hereby file this Complaint for Damages against Defendants Flood Brothers, Inc. and John Flood ("Flood Brothers" and "John," respectively, and "Defendants," collectively), respectfully showing the Court as follows:

1.

Plaintiffs are current and former employees of the Defendants and bring this action pursuant to: (1) the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") for unpaid overtime wages and retaliation; and (2) state law claim for breach of contract.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district and division and all of the acts and omissions giving rise to this action occurred in this district and division.

## PARTIES

4.

Plaintiff Spencer is a citizen of the United States entitled to bring actions of this nature and type. Spencer is a resident of the state of Georgia and subject to the jurisdiction of this Court.

5.

Plaintiff Tate is a citizen of the United States entitled to bring actions of this nature and type. Tate is a resident of the state of Georgia and subject to the jurisdiction of this Court.

6.

Defendant Flood Brothers is a domestic for-profit moving, storage, and

2

relocation company doing business in Georgia with its principal place of business at 610 Waterfront Drive, Atlanta, GA 30336. Accordingly, Flood Brother is subject to the jurisdiction of this Court and may be served with Summons and Process through its registered agent, John Flood, at Flood Brother's principal place of business.

7.

Flood Brothers is, and was at all times relevant to this action, an "employer" as defined by FLSA § 3(d), 29 U.S.C. § 203(d); an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203 (r); and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1)(A).

8.

Defendant John is, and was at all times relevant to this action, the owner of Flood Brothers. Plaintiff Flood may be served with Summons and Process at 610 Waterfront Drive, Atlanta, GA 30336.

9.

John is, and was at all times relevant to this action, involved in the day-to-day operations of Flood Brothers and has the authority to: (a) hire and fire employees, (b) determine the work schedules for employees, and (c) control the finances and operations of Flood Brothers.

3

10.

Accordingly, Plaintiff Flood is, and was at all times relevant to this action, an "employer as defined by FLSA § 3(d), 29 U.S.C. § 203(d).

11.

At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the FLSA § 3(e), 29 U.S.C. § 203(e).

12.

Plaintiffs performed non-exempt work for Defendants within the last three (3) years. Plaintiffs did not have independent discretion or decision-making authority as to any business-related decisions; all of Plaintiffs' action and job duties were undertaken at the explicit direction of their supervisors, or otherwise required approval from the same.

13.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were never appropriately compensated for overtime hours worked by them.

## STATEMENT OF FACTS

14.

1) Carlisa Spencer

Plaintiff Spencer is a 42-year-old African-American female who has been

working and continues to work for Defendants as a Mover/IT Technician since March 2013.

15.

Spencer is paid $10 per hour for holding two positions at Flood Brothers. In her role as an IT Technician, Spencer frequently interacted with her former supervisor and IT Team Leader, Johnny Burns ("Burns").

16.

In July 2017, Defendants terminated Burns' employment and Burns filed a lawsuit against Defendants on August 28, 2017 for violations of the FLSA. The lawsuit is ongoing.

17.

Following Burns' lawsuit, Defendants refused to assign Spencer to any jobs and as a result has been denied any pay. For instance, Spencer was not assigned to any jobs for 3 weeks from on or about November 13, 2017 to December 4, 2017 and again for 5 weeks from on or about December 18, 2017 to January 24, 2018.

18.

When Spencer inquired about her lack of job assignments, Defendants told Spencer that there weren't enough jobs.

19.

However, there was work available based on Defendants' daily job schedule and

work assigned to other employees. Furthermore, her coworker, Plaintiff Tate, informed Spencer that he had specifically requested Spencer to help out with a job sometime in November 2017 but was denied because Flood Brothers told him that "she [was] not being allowed to be put on any jobs."

20.

Spencer later learned that she was not "allowed to be put on any jobs" because of her friendship with Burns.

21.

In Spencer's role as a Mover, her duties required her to be at work at around 6:30 a.m. from Monday to Friday and to remain on the job until that day's move was complete. As a result, Spencer worked on average 5 to 10 hours of overtime per week.

22.

Defendants required Spencer to fill-out a timesheet on a daily basis. The timesheets accurately reflected the number of hours worked by Spencer and Defendants used these timesheets to bill their clients.

23.

However, Spencer's paystubs never reflected the hours she indicated on her timesheets: the hours indicated on her paystubs were dramatically reduced by Defendants. As a result, Spencer was never compensated by Defendants for the

hours she worked in excess of 40 in a given week.

24.

2)  Tyrone Tate

Plaintiff Tate is a 42-year-old African-American male who worked for Defendants from July 2013 until he resigned in November 2017.

25.

As a Crew Supervisor who was paid $16 an hour, Tate was required to report to work every morning at or around 6:00 a.m. from Monday to Friday.

26.

The nature of the work required Tate and his crew members to remain on the job until the assigned jobs were completed. As a result, Tate worked on average 15 to 20 hours of overtime per week.

27.

From January 2015 to approximately October 2015, Tate was never compensated by Defendants for the hours he worked in excess of 40 in a given week.

28.

Following an overtime-related lawsuit against Flood Brothers by a former coworker on or about November 2015, Flood Brothers began paying Tate his regular hourly pay of $16 for the hours he worked in excess of 40 in a given week.

29.

Furthermore, Defendant Flood Brothers promised to pay Tate a $1,000 bonus for his job performed from August 2017 to November 2017. However, when Tate inquired about his bonus, Flood Brothers refused to give him the bonus, stating that they had not received payment from the client for the job.

30.

Due to Defendants' failure to properly compensate Tate for his overtime and his bonus-pay, Tate resigned from Flood Brothers in November 2017.

## COUNT I
## VIOLATION OF THE OVERTIME WAGE REQUIREMENT
## UNDER THE FLSA, 29 U.S.C. § 207(a)(1)
### (All Plaintiffs)

31.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully restated herein.

32.

During the relevant time period, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203 (e)(1).

33.

During the relevant time period, Plaintiffs regularly worked more than 40 hours per workweek and therefore were entitled to be paid one-and-one-half times their regular rate for each hour worked in excess of 40 per work week under the FLSA.

8

34.

However, Plaintiffs were either paid at their regular rate or nothing for those hours in excess of 40 in a given week.

35.

Defendants also unlawfully amended and modified Plaintiff Spencer's timesheets and/or paystubs to reflect a lower number of hours than the hours she actually worked.

36.

Defendants' actions, policies, and/or practices described herein therefore violate the FLSA by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate. Furthermore, Defendants have deliberately failed to accurately report, record, and/or preserve records of hours worked by Plaintiffs in violation of the FLSA.

37.

Under any interpretation of the terms, Defendants' conduct in violation of the FLSA was both willful and in bad faith.

38.

As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs' complete overtime compensation for the overtime hours they worked, Plaintiffs have suffered damages in addition to incurring reasonable attorneys' fees

and costs.

39.

Plaintiff therefore, pursuant to the FLSA, seeks to recover unpaid overtime wages, liquidated damages in an amount equal thereto, reasonable attorneys' fees and the costs of this litigation.

## COUNT II
## VIOLATION OF THE ANTI-RETALIATION PROVISION
## UNDER THE FLSA, 29 U.S.C. § 215 (a)(3)
**(Plaintiff Spencer)**

40.

Plaintiff Spencer re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

41.

The FLSA prohibits employers from retaliating against its employees who has "filed any complaint or instituted or caused to be instituted any proceedings [under the FLSA], or has testified or is about to testify in any such proceeding. . . ." 29 U.S.C. § 215 (a)(3).

42.

Defendants unlawfully retaliated against Plaintiff by refusing to assign her to any jobs shortly after Burns filed a lawsuit against the Defendants when Defendants acknowledged Plaintiff's friendship with Burns and when Defendants realized that Plaintiff might testify against them in Burns' lawsuit.

43.

Defendants' conduct mentioned herein constitutes unlawful retaliation in violation of the FLSA.

44.

As a result of Defendants' conduct, Spencer has suffered and will continue to suffer damages including emotional distress, economic and reputational damages, as and costs of litigation associated with this matter.

45.

Therefore, Plaintiff is entitled to lost wages for the time she was prevented from working, liquidated damages in an amount equal thereto, injunctive relief, and recovery of the costs of litigation.

## COUNT III
## STATE LAW – BREACH OF CONTRACT
### (Plaintiff Tate)

46.

Plaintiff Tate re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

47.

Tate and Defendants entered into an agreement whereby Defendants would pay Plaintiff a bonus in an amount of $1,000 for the work he performed.

11

48.

Defendants breached this agreement by failing to pay Plaintiff his bonus.

49.

As the direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff Tate has suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1) Grant Plaintiffs a trial by jury as to all triable issues of fact;

2) Grant declaratory judgment that Plaintiffs' rights under the FLSA and Plaintiff Tate's state law claim were violated;

3) Leave to add additional Plaintiffs or Opt-Ins by motion, the filing of written consent forms, or any other method approved by the Court;

4) Award compensatory damages in an amount to be determined by a jury;

5) Award appropriate back overtime pay and compensate for other damages in amounts to be shown at trial;

6) Award prejudgment interest on any award of back pay made by the jury as required by law;

7) Award liquidated damages equal to any back pay for Defendants' willful violations of the FLSA;

8) Award Plaintiffs' attorneys' fees, costs, and disbursements; and

12

9) Award Plaintiffs such further and additional relief as may be just and appropriate.

Dated this 15th day of February, 2018.

**MOLDEN & ASSOCIATES**

/s/ Regina S. Molden
Regina S. Molden, Esq.
Georgia Bar. No. 515454
Peachtree Center – Harris Tower
233 Peachtree St., N.E.
Suite 1245
Atlanta, GA 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: RMolden@moldenlaw.com

Attorney for Plaintiffs

13

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 in the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar. No. 515454